RECEIVED

## PETITION FOR WRIT OF HABEAS CORPUS
## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

JUL 19 2002

MICHAEL ~
UNITED STATES DISTRICT COURT                                    K

### PERSONS IN STATE CUSTODY

United States of America ex rel.                    )    JUDGE ANDERSEN
                                                    )
                                                    )
Tiberius D. Mays N92625                             )    MAGISTRATE JUDGE DENLOW
(Full name and prison number)                       )
(Include name under which convicted)                )    02C 5167
                              PETITIONER             )
                                                    )    CASE NUMBER:
vs.                                                 )    (To be supplied by Clerk
                                                    )
Blair Leiback                                       )
(Name of Warden, Superintendent,                    )
Jailor, or authorized person having                 )
custody of petitioner)                              )
                              RESPONDENT             )    DOCKETED
                                                    )    ETED
and                                                 )    JUL 2 3 2002
ATTORNEY GENERAL OF THE STATE OF                    )
                                                    )
* Illinois                                          )
                                                    )

---

\*    This space should be filled in with the name of the state where
     judgment was entered <u>only</u> if petitioner is attacking a judgement
     which imposed a sentence to be served in the future.  If petition
     has a sentence to be served in the future under a federal judgme
     which he wishes to attack, he should file a motion under 28 U.S.
     § 2255 in the federal court which entered the judgment.)

## PETITION

1.  Name the location of court which entered the judgment o
    conviction under attack _Cook County Criminal Division, Chicago,_

2.  Date of judgment of conviction _May 20, 1989 / June 2, 198_

3.  Length of sentence _65 years - 50 with consecutive 15_

4.  Nature of offense involved (all counts with indictment number o
    each, if known) _87-15982 - Attempt murder, Armed_
    _robbery, Armed violence, 3 counts of Aggravated_
    _batteries_

5.  What was your plea?  (Check One)
    (A)   Not guilty                    ( X )
    (B)   Guilty                        (    )
    (C)   Nolo contendere               (    )

    If you entered a guilty plea to one count or indictment, and a not
    guilty plea to another count or indictment, give details:
    _N/A_

6.  Kind of trial:  (Check One)
    (A)   Jury                          (    )
    (B)   Judge only — Bench            ( X )

7.  Did you testify at trial?

        YES ( X )                NO  (    )

8.  Did you appeal from the judgment of conviction or imposition of
    sentence?

        YES ( X )                NO  (    )

    (A)   If you did appeal, answer the following:

        (1)   Name of court _Illinois Appellate Court_

        (2)   Result _Denied - Affirmed_

(3)   **Date of result**   April 3, 1992

(4)   **Issues of raised**   involuntary confession, state's imper
ment by prior conviction, property re
failure of due process when asst. state's attorney
taking post-arrest statement turn a deaf ear when I reveale
~~(B) If you did not appeal, explain briefly why not.~~
arresting officers beat and threaten me in court reported state
evidence only prove armed robbery — attempt murder must
be reversed, did not prove my intent to kill to justify atte
murder, criminal conduct not exceptionally brutal or
heinous behavior indicative of wanton cruelty — thus extend
term must be reduced, trial court erred at sentencing by
considering evidence of my substance abuse as aggravating,
sentencing court abused its discretion by weighing only
seriousness of offense + not giving adequate consideration
to my rehabilitative potential

9.   Other than a direct appeal from the judgment of conviction an
sentence, have you previously filed with respect to thi
conviction:

(A)   Any petition in a state court under the Illinois Post
Conviction Hearing Act, Ill.Rev. Stat. ch. 38, sec. 122

YES ( ✗ )   NO ( )

(B)   Any petitions in a state court by way of statutory <u>cora
nobis</u>, Ill.Rev. Stat. ch. 110, sec 72?

YES ( )   NO ( ✗ )

(C)   Any petitions for habeas corpus in state or federa
courts?

YES ( )   NO ( ✗ )

(D)   Any petitions in the United States Supreme Court fo
<u>certiorari</u> other than petitions, if any, alread
specified in question (9)?

YES ( )   NO ( ✗ )

(E)   Any other petitions, motions, or applications in this o
other court?

YES ( ✗ )   NO ( )

10.   If your answer to any section of questions (9) was **YES**, give th
following information:

(A)   (1)   Name of court   Illinois Supreme Court

3

People v Lucas - 132 Ill. 2d. 544, 548 N.E. 2d. ~~~~~~~

People v Andrews - 132 Ill. 2d. 451, 548 N.E. 2d. 1025 (1989)

People v King - 66 Ill. 2d 551, 363 N.E. 2d. 838, 844 (1977)

(2)    **Nature of proceeding**    Appeal of direct appeal.

~~Lucas~~

(3)    **Grounds raised**    Whether Lucas & Andrew, recent court rulings were depriture of exceptionally ~~u~~ brutal and indicative of wanton cruelty - setting a superceding causing new bright line / prosecuter errored by deliberately ignoring police brutality in involuntary confession, Illinois Appellate court conflict with other rulings in King, one Act, one con~~

(4)    **Did you receive and evidentiary hearing on your petition, application, or motion?**

YES ( )    NO ( X )

(5)    **Result**    denied

(6)    **Date of result**    October 7, 1992

(B)    **As to any second petition, application, or motion, give the same information:**

(1)    **Name of court**    Circuit Court of Cook County

(2)    **Nature of proceeding**    Post-Conviction-Hearing Act - 725 ILCS 5/122-1 et seq.

(3)    **Grounds raised**    (1) improper impeachment (2) trial phase bins (3) improper convictions for aggravated batteries (4) Failure of state to produce material witnesses (5) police coercion (6) ineffective assistance of counsel -12 counts (7) ineffective assistance of Appellate counsel - 3 counts (8) denial of due process before grand jury

(4)    **Did you receive and evidentiary hearing on your petition, application, or motion?**

YES ( )    NO ( X )

(5)    **Result**    Petition was dismissed

(6)    **Date of result**    March 4, 1998

(C)    **As to any third petition, application, or motion, give the same information:**

(1)    **Name of court**    Illinois Appellate Court

(2)    **Nature of proceeding**    Appeal of Post-Conviction

4

(3)    Grounds raised  _all the same issues raised on page 4_
_of this petition in my original Post-Conviction Petition_
_to the trial court in Cook County, Illinois_

(4)    Did you receive and evidentiary hearing on your petition
application, or motion?

                              YES ( )    NO (✗) _petition de_

(5)    Result  _Finley Motion filed by Office of State App. Def. —_

(6)    Date of result  _October 12, 1999_

(D)  Did you appeal to the highest state court having jurisdiction
     the result of action taken on any petition, application, or
     motion?

     (1)  First petition, etc.    YES (✗)    NO ( )
     (2)  Second petition, etc.   YES (✗)    NO ( )
     (3)  Third petition, etc.    YES (✗)    NO ( )

(E)  If you did __not__ appeal from the adverse action on any petition,
     application, or motion, explain briefly why you did not:

     _____

     _____

     _____

     _____

11.  State __concisely__ every ground on which you claim that you are being
     held unlawfully.  Summarize __briefly__ the __facts__ supporting each
     ground. - If necessary, you may attach pages stating additional
     grounds and __facts__ supporting same.  If you fail to set forth all
     grounds in this petition, you may be barred from presenting
     additional grounds at a later date.

CAUTION:  BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY
          FIRST EXHAUST YOUR STATE COURT REMEDIES AS TO EACH GROUND ON
          WHICH YOU REQUEST ACTION BY THE FEDERAL COURT.

(A)  Ground one _Due Process Violation By Asst. State's Attor_
     Supporting FACTS (tell your story __briefly__ without citing cases
     or law): _Ney, EVA CLAY, when she deliberately ignored_
     _statements of police brutality from me during the_
     _taking of the involuntary statement when I revealed that_
     _police officers had beat and threaten me to make me talk—_

During the taking of my involuntary state by the Asst. States Attorney, who interviewed me following my Arrest denied me due process. Not by what she asked and did, but by what she didn't ask and didn't do.

The Court reported statement put into evidence against petitioner at trial included not only facts about the incident for which I had been Arrested, the statement also shows with "shocking" clarity how the Asst. States Attorney taking the statement turn a deaf ear when she suddenly learned of evidence of police brutality before the statements was given.

When the prosecutor ignored evidence of an Criminal conduct was not exceptionally brutal or heinous behavior indicative of wanton cruelty. Appellate

**(B) Ground two:** Court misapprehend impact of Andrews & Lucas
Supporting **FACTS** (tell your story **briefly** without citing cases or law):

At the time of Sentencing in my case, recent rulings by the Illinois Supreme Court clarified the meaning of the statutory phrase "exceptionally brutal or heinous behavior indicative of wanton cruelty," And indicated that the extend term sentence imposed here on such finding is insupportable And must be reduced to within the usual felony Sentencing range of attempt murder.

The evidence in my case undisputedly shows no premeditation, prolonged pain, or torture. My criminal background shows no crimes of violence, no indication prior to the crime that he intended to kill the victim, and

6

The Appellate Court erroneously overlooked the necessity of
initially determining on review that there were 2 criminal acts
before determining that the convictions for attempt murder and

**(C)    Ground three:** Armed robbery should be upheld. This conflicts
**Supporting FACTS (tell your story <u>briefly</u> without citing cases
or law):** with other appellate divisions (1983-1992)

Where there is only one conviction/Act, only one
conviction can be had. Prejudice results where more than
one offense is carved from the same physical Act. The
charging instruments allege the same force used against
the victim, a beating with a pipe. The state's proof at
trial regarding the force used against the victim consisted
of a written statement by me and a stipulation by the
victim's treating doctor. The statement related that
when the victim turned his head, I hit him with a pipe,
the victim hit the ground and was hit a couple more times
with the pipe, and I turned him over and took his wallet.

**(D)    Ground Four:** Ineffective assistance of trial counsel and appellate
counsel by failure to raise the meritorious issue
**Supporting FACTS (tell your story <u>briefly</u> without citing cases
or law):** of "material witness" rule, which was applicable at the
time of the petitioner's trial.

The petitioner contends that he made a forced
confession because the police beat and threaten repeatedly.
At the motion to suppress his statement, the Asst. State's
Attorney - EVA CLAY, who heard the statement, did not
testify at the suppression hearing or was she called by the
State or petitioner's attorney. Nor was her absence explained.
I asked my attorney to call her as a witness several times, but
he refused. Neither trial or appellate counsel raised an issue
to the State's failure to produce or explain the absence of
Asst. State's Attorney EVA CLAY at the motion to suppress
confession.

Ground One

involuntary statement, that prosecutor ignored the due process guaranteed a criminal defendant independently under the U.S. Constitution, Amends 5 & 14, and under the Illinois Const. 1970, Art. I, secs. 2, 10. " A prosecutor is the representative of all people, including the defendant, and it is as much his duty to safeguard the constitutional rights of the defendant as those of any other citizens." " The duty of the prosecuting Attorney is to seek justice. Not merely to convict.

The Asst. State's Attorney was not called at trial to testify.   At no time did the State or trial judge address defense counsel's chief argument, however. the prosecutor's ignoring evidence of police brutality should per se render petitioner's statement inadmissible.

Any assistant State's Attorney may be deemed, by judicial notice if not testimony at a hearing, to know how police coercion and particularly. police brutality would threaten if not render inadmissible any resulting confession, drastically undermine chances of a successful prosecution.

There is absolute transcript evidence that the State heard, if it didn't see, that I was injured by police to force me to talk.   The failure of a party to introduce evidence which would conclusively settle a doubtful issue, such as failure to show investigation of whether there was police brutality here, gives rise to presumption that such evidence if produced, would be adverse to that party.   There should be a presumption adverse to the State where coercion went uninvestigated. A presumption of police brutality, and that my statement was involuntary.

Ground One

The colloquy between the interviewing prosecutor and peti-petitioner shows how information about the arresting police officers treatment was deliberately ignored'.

Q: About how many officers appeared?

A: Two

Q: All, right. And at that time did you tell them -- did they question you about the beating [of the victim]?

A: They came in and they said basically -- they came in and asked me if I was Ti or Tibenus and then they-

Q: All right.

A: -- And they they said we know you did this and that and-

Q: Did you relate to them what happened?

A: And I denied and they hit me a couple of times you know. They said they were going to do this and they were going to do that and then-

Q: Did --

A: -- one of the officers went in the bathroom and got the wallet out and asked me where is the information at.

Q: All right. Was the wallet that he presented to you the same one that you removed off the body of the man that you had beaten with the pipe?

A: Yes, I assume it was

(Supp. C. 12, see also R. 132) (emphasis added)

I had spoke to the Asst. State's Attorney earlier. asking her if she could get me a public defender. EVA CLAY, Asst. State's Attorney. told me that she could not do that, that would be "unethical." This is why EVA CLAY stated in

GROUND ONE

record (R.119-120), that she was "AN Assistant State's Attorney a lawyer working with the police and not my lawyer. Defense counsel filed a motion to suppress statement, with the chief basis as involuntariness because of police beatings and threats. The prosecutor cut me off when I was telling her about the police beatings. The prosecutor did not follow up or investigate about the beatings and threats by me in the statement. These statement should not be allowed to be used against me. Something that was also missed is that in the paramedic's report on the day I was arrest, I stated to him that the police hit me continuously in the stomach and upper leg areas. On the paramedic's report, these areas are marked on a body picture in the report.

I am asking that the confession be suppressed, and the fruit which flowed subsequent by coercion of the arresting officers. The cause should be reversed and remanded for a new trial.

GROUND TWO

No indication he exhibited a callous attitude and complete lack of remorse following the murder, such as in the controlling case for exceptionally brutal & heinous behavior. In the closing arguments, defense counsel asserted that the defendant " had expressed extreme remorse for the situation to me."

In this case, I was physically affected by drugs and alcohol. The state's key witness, Lonnie Williams, knew me and stated that before the crime. I was walking clumsily, smelled like

GROUND TWO

liquor and marijuana, and was "tipsy". (R-H44-47).

Furthermore, the incident occurred spontaneously. The extent of the victim's injuries are not a measure of my mental state. I did not attempt to kill the victim. It was dark outside, I was high, the blows fell in unintended places while the victim was moving on the ground, I was wearing dark glasses. It is erroneous for the trial judge to ignore the context and just focus on the nature of the injuries only. The victim was alive and never came to the trial to pick me out.

All murders are brutal and heinous to a certain degree. The extended term sentences were not intended to convert every offense into an extended term sentence

The Appellate Court's published opinion contravenes the limits that were established by the Illinois Supreme Court The trial court abused its discretion in imposing an extended term for conduct which was not exceptionally brutal or heinous and indicative of wanton cruelty.

This Court should reduce my sentence for the most serious or only offense ( see separate issue that his attempt murder conviction must be reversed as proof shows only armed robbery] to within the usual sentencing range or remand with such directions for resentencing by a different Judge.

Ground Three

from his back pocket and fled.

Whereas the indictment for Armed robbery alleged that I "by use of force and by threatening the imminent use of force while armed with a dangerous weapon, took a wallet from person and presence of [the victim] C.18, the facts show only use of force, not threat of force and the fact show use of force to obtain property, not to kill. To sustain a charge of Armed robbery, it is essential that the robber use violence or fear of violence as a means to take property in the control of the victim.

The offense of attempted murder requires a mental state of specific intent to kill, and intent to kill, if not admitted, can be established by proof of surrounding circumstances. Proof of intent to kill is distinct from proof of intent to take property forcibly.

There was an intent to take property forcibly here. However, a finding of commission of Armed robbery where the robbery victim was severely injured is insufficient in itself to support a finding of Attempt murder.

I did not admit in my statement, involuntary, that I intended to kill the victim. I admitted to Armed robbery. It is impermissible to infer an intent to kill from the injuries of the victims from 3 to 4 blows from a pipe. The force used preceded the taking of property and did not follow the taking.

The wounds to the victim occurred without a substantial time interval or intervening act, as well as prosecutional intent as reflected in the charging instruments which show intent to treat my conduct as a single act show there was only a single act here.

GROUND THREE

The Appellate Court's published opinion indicated that a deferential review standard may be applied to affirm without addressing whether there are enough acts to support the number of convictions. Their opinion mentions but does not actually address the need to determine the one Act, one crime first. This important question should be reviewed and answered.

The law in Illinois was clear and favorable to the petitioner. Regardless of what offenses were at issue, only one conviction could be sustained where, despite several injuries, there was but one physical act.

But vis-a-vis the other Appellate divisions' opinions. It overlooks that the four similar lacerations to the top of the victim's head here where inflicted without intervening events (C.R. 606-08, 123-26), and the charging instruments allege the <u>same</u> force on the victim with a pipe for both Attempt murder and armed robbery.

The Appellate Court's Affirmance violates the one Act, one crime principle and conflicted with other recent Illinois opinion then (1992). The conviction for Attempt murder must be reversed since more than one offense has been carved from the same physical Act.




GROUND FOUR

GROUND FOUR

Although the Appellate Court ruled that my confession was voluntary, under the "material witness rule", once the defendant raises the contention that his statement was involuntary and coerced, the State carries the burden to demonstrate that the statement was voluntary and must produce all witnesses all material witnesses on issues of confessions or satisfactorily explain their absence, which the Asst. States Attorney for my trial did either. There is no explanation for Asst. State's Attorney Clay not coming to the suppression hearing or did she should

The failure of the State concerning the material witness rule, should have been objected to by the trial counsel, therefore making this issue waived for direct appeal. Asst. State's Attorney Clay's testimony would have explained several things: why did she not ask questions about the police beating and threats when she was made aware of it in a court reported statement, (2) why ASA Clay told me that she could not get a public defender for me when I asked her to when she first saw me

The statement given by me made the conviction. All the other evidence is not enough by itself to make a conviction.

The Appellate Counsel failed to raise the meritorious issue of the "material witness rule" in her briefs to the Appellate and Supreme Court of Illinois

Although the material witness rule became void in 1993, it was the law during my trial in 1989. This error, not harmless, deprived me of a fair trial under due process from the ineffective assistance of counsels. A new trial is warranted.

GROUND FIVE

The petitioner was denied a fair trial by the ineffective assistance of trial and Appellate counsel by failure to raise/ object the meritorious issue of improper impeachment in 2 respects.

On Appeal, the Appellate Counsel for me on direct appeal briefed an issue regarding the State's use of prior conviction to impeach the petitioner during the suppression hearing. The Illinois Appellate Court refuse to address this issue of impeachment stating that the trial Attorney did not preserve the issue by objecting and placing it in his post trial motion. The Appellate counsel did not allege ineffective Assistance of trial counsel to obtain a ruling on the issue, making her ineffective.

The State improperly impeached me by using a 1410 probation, first offender, which is not a conviction to impeach, and he State used an uncertified statement of my convictions on rebuttal. The trial judge explicitly stated that he relied on these prior convictions to find the petitioner not credible through impeachment during the suppression hearing of an involuntary statement. These two errors in impeachment require a reversal and remand for a new suppression hearing and new trial.

The State made no effort to submit required certified copies of convictions. The trial judge used these convictions, improperly provided, to "disbelieve" everything I said about being beaten and threaten by the police.

The trial counsel was deficiently cumulatively by failing to object to improper impeachment with a 1410 probation and failing to object to uncertified copies of conviction used to impeach me, and

GROUND FIVE

and Failure to not file issue in post trial petition. The trial judge relied on incorrect, improper evidence to impeachment me.

This issue requires reversal and remand.


GROUND SIX

The petitioner was denied effective assistance of counsel by both the trial and appellate counsels by their failure to raise lobject to the convictions of three aggravated batteries which are lesser included offenses of attempt murder.

At the conclusion of my bench trial, the judge entered a finding of guilt on three counts of aggravated batteries (R.157) istating he merged them with aggravated batteries (?). It is improper and an abuse of the trial judge's discretion to convict me of both an offense and lesser included of the same offense,

The trial attorney was ineffective for failing to object in sentencing to the aggravated battery convictions and also by not placing this issue in his post trial motion. Counsel is expected to be familiar with the law.

The appellate counsel was ineffective for failure to brief and argue the aggravated battery conviction by stating ineffective assistance of trial counsel. Under the 6th Amendment, I have a constitutional right to effective assistance of appellate counsel.

GROUND SIX - continu'd

Appellate Counsel's failure to brief a meritorious issue has been recognized as a Constitutional violation.   Appellate counsel is expected to know the law.  Trial counsel's failure to object or raise the error does not alleviate the appellate counsel's responsibility to include this meritorious issue.

GROUND SEVEN

The petitioner was denied a fair trial by the trial judge who abused his discretion by being bias, displaying animosity and using improper errors in the trial — Appellate and trial counsels were ineffective for failure to raise (object to judicial) biasness.

The petitioner has a constitutional right to an unbiased, open-minded trier of fact.  The petitioner was denied an impartial judge by Judge Getty's action.  Due to the practical difficulties inherent in objecting to the conduct of a judge, these issues are generally not waived

Both the trial and appellate counsels did not object to the trial judge's actions.  The Appellate counsel refused to use this issue after I asked her to or frame it under ineffective assistance of trial counsel.  My post-conviction counsel refuse to expound on the issue.

The trial judge is presumed to know the law and apply it properly. The trial judge should be an example of dignity and im-

GROUND SEVEN

partiality. Judges should exercise restraint over their cond
and utterances. Judges should suppress their personal predile
and control their tempers and emotions and refrain from unne
sary disparagement of persons or issue.

The trial judge, Asst State's Attorney - ASA - Bigoness
and my lawyer, John DeLeon. had two pre-trial conferences in
October and December 1988, where plea negotiations were give
to the petitioner's counsel by both Judge Getty and ASA Big
ness for 50 years in October 1988 and 45 years as a final offe
for a plea of guilty in December 1988. The petitioner receive
65 years in a bench trial. I was punished for exercising my
right to a trial by 20 years

The trial judge clearly showed a predisposition to
extended and consecutive terms since Armed robbery and at-
tempt murder carry only 6 to 30 years, And most sentences
are ran concurrently. The trial judge showed that my
admission of guilt would reduce my sentence, which shows
the sentence was improperly influenced by my claim of innocence.
The trial and Appellate counsel did not raise this issue of the
trial judge's predisposition to a sentence past normal statutory
limit without extended or consecutive terms, And that my
claim of not guilty cost me 20 years after Judge Getty's final
offer of 45 years.

The trial judge also impeached me with an uncertified
copy of my convictions, which were a misdemeanor and 1410
probation, which can't be used as a conviction. The trial judge
impeached my testimony with a misdemeanor for jumping a
train terminal for a free ride in downtown Chicago. The trial

GROUND SEVEN

Judge relied on improper evidence, and this warrents a new suppress hearing on the statement.

The trial judge characterized me as a "Jailhouse lawyer" claiming I used a clever play to destroy the efficiency of the forced confession by stating the arresting officers hit and threaten me. It was an abuse of discretion to express his personal beliefs and attack the credibility of me without proof. The trial judge assumed the role as an advocate showing personal involvement. The trial judge also used my prior conviction, a misdemeanor, to claim that I was familiar with the legal system, an assumption not based on facts. I was not familiar with the legal system to the degree the trial judge stated and it is improper to refer to my prior conviction as substantive proof that I was familiar with the legal system, and that because of this familiarity, I was lying and trying to get out the easy way.

The trial judge stated disbelief that I was drunk and high off of drugs and alcohol despite the prosecuter's chief witness testimony and the Judge's own admission that 80% of all arrested in Cook County have illegal drugs in their systems. The trial judge again showed distrust and bias toward me as it to say that I was lying again about something without proof.

The trial judge made disparaging remarks, "you have these hours to tack onto the others," using biting sarcasm about adding 65 years to my hours in school and Army employment. The trial judge stated "he won't be released a day too soon as far as I'm concern," The judge again has displayed obvious animosity, hostility, and attempts to mask

GROUND SEVEN

it with another off-centered personal statement about me," [this is] "one of the most wantonly brutal and heinous cases that I have ever seen." Judge Getty said the same thing in People v Chavez, a case going on at the same time my case was in front of him.

The trial judge stated that I was a "totally reprehensible person," and that "I chose a life of crime and drugs." How can the trial judge claim I choose a life of crime when I only had a 1460 probation, a misdemeanor, and failure to see probation officer. I did not get into any trouble with the law until one month from my 24th birthday and was arrested for the conviction one month before my 27th birthday. Judge Getty obviously was covering up his improper decisions by making it look like I was a major criminal and evil person.

Also, the trial judge abused his discretion by convicting me of three aggravated batteries, lesser included offenses of attempt murder.

The petitioner ask that this Honorable Court look at the cumulative effect of the trial judge's actions and abuse of discretion and reverse the conviction or order a new trial.

GROUND EIGHT

The trial court erred in dismissing without a hearing, the petitioner's Pro Se Petition for Post-Conviction Relief because the petitioner had a valid constitutional issue under

GROUND EIGHT

APPRENDI, which should be Allowed A retroActive application in A collateral review.

On January 29, 2001. Honorable Lou W. Shulte, Cook County Circuit Judge, entered A four page order sleting that my petition did not state A claim that " is not cognizable under the Act because Apprendi does not apply retroActuely to cases on collateral review." My petition was dismissed

On June 2, 1989, Judge Getty sentenced me to An extended term of 50 years for Attempted murder and A consecutive 15-years for Armed robbery. On November 2, 2000, I filed my second petition for post-conviction, pro se, stating: the trial court imposed extended and consecutive terms After it had determined that my behavior in committing these crimes was heinous indicative of wanton behavior. The State failed to state in its indictment that it would seek extended and consecutive terms. The relevant facts used to give extended and consecutive terms were not submitted to A jury for its finding beyond reasonable doubt. The trial judge Abused his discretion, violating my constitutional rights. There are divisions within the Illinois Court system concerning Apprendi.

The new rule of Apprendi is A bedrock procedural element, which is a watershed rule of criminal procedure

GROUND EIGHT

I was not asked by the trial judge if I wanted a jury determination of whether my actions were indeed brutal and heinous indicative of wanton cruelty. The finding by the trial judge that my actions were heinous and brutal were not based on a beyond a reasonable doubt standard. The fact that my increased sentence beyond the prescribed statutory maximum was not submitted to a jury or proven beyond a reasonable doubt. Therefore, this Court should vacate the extended term and consecutive sentence, which acts to extend my sentence, by remanding and reversing this case for a new sentence. No less than 6 years and no more than 30 years and that the consecutive sentence be concurrent.

The ultimate outcome of the consecutive sentencing is to increase my sentence. I was never charged with committing the element of "severe bodily injury" or "whatever the trial judge used give me a consecutive sentence."

I cannot be convicted of a crime which has not been charged with having committed ~ not in the indictment. The judge convicted me on extended and consecutive sentencing charges never made against me and never heard by a jury, and did it based on a preponderance of the evidence.

I was charged with an offense, attempt murder, which carries 6 to 30 years maximum. The offense of armed robbery carries 6 to 30 years. The petitioner argues that consecutive sentence against him used by the Illinois Revised Statutes Chapter 38, Section 1005-8-4 (A). Was unconstitutional applied

GROUND EIGHT

to him, and this Court should determine that the trial Court's imposition of consecutive sentences upon me were unconstitutional as per <u>Apprendi</u>. The extended term under the Illinois Revised Statute, Chapter 38, 730 ILCS 5/5-8-2 is unconstitutionally applied under <u>Apprendi</u>, which should be allowed a retroactive application.

12. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

YES ( X )    NO ( )

13. If you answered "NO" to question (12), state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

YES ( )    NO ( X )

(A) If yes, state the name of the court and the nature of the proceeding.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing

(B) At arraignment and plea    Tom Powers, Asst. Public Defender, 69 West Washington, Chicago, IL 60602

(C) At trial    John R. DeLeon, 53 West Jackson Blvd, Chicago, IL 60604

(D) At sentencing    John R. DeLeon, 53 W. Jackson Blvd, Chicago, IL 60604

(E) On appeal    Pamela Pfrang, Asst. Public Defender, 69 West Washington, 15th Fl, Chicago, IL 60602

8

(F)   In any post-conviction proceeding _____

_____

(G)   On appeal from any adverse ruling in a post-convicti
      proceeding -2nd Post-Conviction. Apprendi Issue-
      Office of Cook County Public Defender
      P.O.N. W. Chs- 69 W. Washington, 15th Fl, Chicago, IL 60

16.  Were you sentenced on <u>more than one count of an indictment</u>, or
     more than one indictment, in the same court and at the same time
                                    YES  ( ✕ )      NO  (

17.  Do you have any future sentence to serve after you complete th
     sentence imposed by judgment under attack?
                                    YES  ( )      NO  ( ✕

     (A)   If **YES**, give the name and location of the court whic
           imposed sentence to be served in the future:

           _____

     (B)   And give the date and length of sentence to be served
           in the future _____

           _____


        WHEREFORE, petitioner prays that the court grant petitioner relie
to which he may be entitled in this proceeding.

_Tiberius Mays, Pro Se_        _Tiberius Mays_
_____      _____
Signature of attorney (if any)  Signature of petitioner

                                I DECLARE UNDER PENALTY O
                                PERJURY THAT THE FOREGOING I
                                TRUE AND CORRECT.

                                Executed on _July 16, 2002_
                                              (Date)
                                _Tiberius Mays_
                                _____
                                (Signature of petitioner)
                                N92625
                                _____
                                (I.D. Number)
                                3820 East Main St
                                _____
                                (Address)
                                Danville, IL. 61834
                                Danville Correctional Cente

STATE OF ILLINOIS        )

COUNTY OF VERMILLION     )        SS

### AFFIDAVIT

I, _Tiberus Mays_____, deposes and says that
as to the petition herein, he is the Defendant in the above
entitled cause; that he has read the foregoing document, by
his signed, and that the statements contained therein are
true in substance and in fact.

/s/ _Tiberus Mays_____

Defendant, pro se

Signed before me this 16th day of _July_____, 2002
19___.

_Kathy Bott_____

Notary Public

"OFFICIAL SEAL"
KATHY BOTT
NOTARY PUBLIC
STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-05-2005

Documentary Evidence



office of the
# COOK COUNTY PUBLIC DEFENDER

200 WEST ADAMS STREET · 4TH FLOOR · CHICAGO, IL 60606 · (312) 609-2040

Randolph N. Stone · Public Defender

Appeals Division
November 4, 1991

Mr. Tiberius Mays                    re:  Appeal No. 90-243
N-92625
Pontiac Correctional Center
Box 99
Pontiac, IL 61764

Dear Mr. Mays:

Thanks for your letter of October 8th.  I'm sorry it's taken a while to respond but it's been busy.

With regard to the issues I raised in the opening brief, I'm glad you liked them.  I did a great deal of work, and, as I promised, I did look at all the cases you listed, and did find some of extra value to those already located. In response to your question, an issue not raised in the opening brief but raised for the first time in a reply brief is deemed waived.  See People v. Thomas, 116 Ill.2d 290, 507 N.E.2d 843 (1987).  I raised in the opening brief those issues I felt had merit.  I did not feel there was merit to any further ineffective assistance claim (What could the ASA have said further?  The bare words in the transcript makes the situation look most damning.) or corpus delicti claim.  (There was independent proof of a crime and your connection to it.)

I have enclosed the Appellate Court's latest order, granting our motion to file a supplemental record.  The State frivolously argued I hadn't alleged it to have been in evidence, but the Court wisely rejected that argument.

Please contact me if you have questions or comments, Mr. Mays.

Best wishes.

Sincerely,

Pamela Pfrang
Assistant Public Defender

STATE OF ILLINOIS

COOK COUNTY

No.   87CR - 15982

## AFFIDAVIT

1:   I John R. Deleon, attorney for Tiberius D. Mays, criminal circuit court trial before JUDGE MICHAEL GETTY in 1988-1989, swear under the penalty of perjury that the following information is true and -accurate to the best of my knowledge.

2:   I was hired as Tiberius D. Mays' attorney in _____, 1988 for case #87CR – 15982. For representation for the charges of attempted murder, armed robbery and 3 aggravated battery .

3:   In October 1988, I along with Judge Getty and Assistant States' Attorney JIM BIGONESS,  had a pre-trial  conference  meeting in which the States' Attorney offered a plea negotiation of  (50) fifty years to MR. MAYS.   MR. MAYS refused that offer.

4:   In December  1988,  I again had another pre-trail conference meeting with Judge Getty and Assistant States'  Attorney Jim Bigoness in which Judge Getty gave a final offer of (45) fourty-five years to Mr. Mays  as a plea negotiation for guilty or no contest.   Mr. Tiberius D. Mays refused.

5:   Mr. Mays received  (65) sixty-five years total for a sentence of guilty on attempted murder, (50) fifty-years extended term,  (15) fifteen-years for armed robbery (runs consecutive to the (50) fifty-years),  and aggravated  battery merged (no time given).

6:   This affiant  sayeth nothing further.    Respectfully;

ATTY. NAME: _John R DeLeon_

ADDRESS:  53 WEST JACKSON BLVD.

CITY:        CHICAGO, ILLINOIS  60604

NOTARY PUBLIC SEAL:

*SUBSCRIBED AND SWORN TO BEFORE ME THIS 9TH DAY OF AUG. 1999.*

OFFICIAL SEAL
DONNA MAKOWSKI
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. MAR. 5,2002

STATE OF ILLINOIS    )
                        )   SS.

COUNTY OF WILL     )

## AFFIDAVIT

I, Tiberius Mays N-92625, Pro Se, being first duly sworn on oath, depose and state that the following information is true and accurate to the best of my knowledge and belief.

1. On November 4, 1987, at Area Five Police station on Grand Ave. in Chicago, Illinois, Assistant State's Attorney Eva Clay came to interview me about the beating of John Sarnecki.

2. On the same date, Nov. 4, 1987, ASA Eva Clay started to question me about the particulars of the case I am now appealing concerning the attempt murder and armed robbery of John Sarnecki.

3. After talking to ASA Clay for a minute, I asked her if she was my public defender.

4. ASA Clay said to me that she was not my public defender

5. When I asked ASA Clay if she would get me a public defender, ASA Clay told me that it would be unethical for her to get me a public defender.

6. I told ASA Clay that I had nothing to talk to her about and she left.

7. This affiant sayeth nothing further

Tiberius Mays N-92625
P.O. Box 112
Joliet, IL. 60434-0112

SUBSCRIBE AND SWORN TO BEFORE ME

ON JULY 14, 1999.

NOTARY PUBLIC

"OFFICIAL SEAL"
SANDRA SCHWAB
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/8/2001

**ILLINOIS SUPREME COURT**
**JULEANN HORNYAK, CLERK**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

89257

May 31, 2000

Mr. Tiberius Mays
Reg. No. N-92625
P. O. Box 1700
Galesburg, IL 61401

No.   89257 - People State of Illinois, respondent, v. Tiberius
          Mays, petitioner.  Leave to appeal, Appellate
          Court, First District.

    The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.

    The mandate of this Court will issue to the Appellate Court

on June 22, 2000.

74195

**ILLINOIS SUPREME COURT**
**JULEANN HORNYAK, CLERK**
**SUPREME COURT BUILDING**
**SPRINGFIELD, ILL. 62706**
**(217) 782-2035**

October 7, 1992

#90 -0243

Cook County Public Defender
200 West Adams St., 4th Flr.
Chicago, IL  60606

    No.  74195 - People State of Illinois, respondent, v. Tiberius
           Mays, petitioner.  Leave to appeal, Appellate
           Court, First District.

    The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.

    The mandate of this Court will issue to the Appellate Court

on October 29, 1992.

*Pfrang*

RECEIVED
COOK COUNTY PUBLIC DEFENDER
OCT 0 9 1992
AM 7,8,9,10,11,12,1,2,3,4,5,6 PM

**ILLINOIS SUPREME COURT**
**JULEANN HORNYAK, CLERK**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

89257

May 31, 2000

Mr. Tiberius Mays
Reg. No. N-92625
P. O. Box 1700
Galesburg, IL 61401

No.  89257 - People State of Illinois, respondent, v. Tiberius
         Mays, petitioner.  Leave to appeal, Appellate
         Court, First District.

    The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.

    The mandate of this Court will issue to the Appellate Court

on June 22, 2000.

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK    )

F I L E D

MAY 1 1988

MORGAN M. FINLEY
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
                                )
                     Plaintiff, )
                                )
        -vs-                     )     Indictment No.  87-CR-15982
                                )
     TIBERIUS MAYS               )
                                )
                     Defendant. )

MOTION TO SUPPRESS STATEMENTS

Now comes the defendant and his attorney, RANDOLPH N. STONE, Public Defender
of Cook County, by    THOMAS M. POWER             , Assistant Public Defender,
and moves this Honorable Court to suppress as evidence herein any and all
oral or written communications, confessions, statements, or admissions,
whether inculpatory or exculpatory, made by the defendant prior to, at the
time of, or subsequent to his arrest in the above-entitled cause.

In support of this motion, the defendant states as follows:

1.  That the defendant was arrested on  November 4, 1987       in the
vicinity of  542 N. Pine, Chicago, Illinois.

2.  That at relevent times the defendant was interrogated by law
enforcement officials or a person or persons acting on their behalf.

3.  That prior to such interrogation the defendant was not:

   a.  Informed that he had a right to remain silent;

   b.  Informed that anything he might say or do could be
       used against him in court;

   c.  Informed that he had a right to consult with a
       lawyer;

   d.  Informed that he had a right to have a lawyer
       present with him during the interrogation;



-2-

e.  Informed that, if he was indigent, he would none-
    theless be provided with a lawyer by the State to
    be present during his interrogation.

4.  That due to the physical, physiological, mental, educational,
emotional and/or psychological state, capacity and condition of the defendant,
he was incapable and unable to appreciate and understand the full meaning of
his Miranda rights and any statement was therefore not the free and rational
choice of the accused and was not made voluntarily, knowingly and intelligently.

5.  That the statements sought to be suppressed were obtained as a result
of interrogation which continued after the defendant had elected to remain
silent and/or had elected to consult with an attorney prior to further questioning.

6.  That the statements sought to be suppressed were obtained as a result
of physical coercion illegally directed against the defendant, to wit: the
defendant was struck 3 or 4 times in the stomach, and that such statements were,
therefore, involuntary.

7.  That the statements sought to be suppressed were obtained as a result
of further threatened physical force, therefore, involuntary.

8.  That the assistant state's attorney was on notice of the involuntary
nature of the defendant's statement in a court reported statement taken by
Assistant State's Attorney, Evelyn B. Clay.  The defendant did inform Ms. Clay
that he was beaten by police officers, and the State's Attorney was therefore
on notice that his statements were not voluntary.  (Page 12 of the Court Reported
statement.  See attached exhibit).

9.  That Assistant State's Attorney Ms. Clay totally ignored the defendant's
statement, and that such statements were therefore taken with the knowledge that
they were involuntary.

-3-

10. That the statements sought to be suppressed were obtained as a result of physical coercion illegally directed against the defendant and that such statements were, therefore, involuntary.

11. That the statements sought to be suppressed were obtained as a result of phychological and mental coercion illegally directed against the defendant and that such statements were, therefore, involuntary.

12. That the statements sought to be suppressed were obtained as the product of and as the result of confronting the accused with certain evidence which has been obtained in derogation of the defendant's Fourth Amendment protection against illegal search and seizure.

13. That the statements sought to be suppressed were obtained as the product of and as the direct and proximate result of confronting the accused with certain material misrepresentations.

14. Therefore, that any and all communications, confessions, statements, admissions, or tests executed by the defendant were elicited in violation of his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of Illinois.

WHEREFORE, the defendant prays:

1. That the Court conduct a pretrial hearing to determine if the nature of such statements were voluntary, and;

2. That this Court suppress as evidence herein any and all communications, confessions, statements, actions, admissions, or tests, inculpatory or exculpatory, written or oral, made by him the time of and/or subsequent to his being taken into custody.

RANDOLPH N. STONE
Public Defender of Cook County

BY:  THOMAS M. POWER
Assistant Public Defender 30295

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,    )
                                    )
                    PLAINTIFF,      )
                                    )
        -vs-                        )    NO. 87 CR 15982
                                    )
TIBERIUS MAYS,                      )
                                    )
                    DEFENDANT.      )

**FILED**

**JUN 2 1989**

AUR... F
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

## MOTION FOR A NEW TRIAL

Now comes the defendant, TIBERIUS MAYS, by and through his attorney, JOHN R. DE LEON, after a finding of guilty respectfully moves this Honorable Court to set aside the verdict of guilty in the above-captioned cause and grant him a new trial.

In support whereof, defendant states:

1. The State failed to prove the defendant guilty of the charge beyond a reasonable doubt.

2. The verdict is against the manifest weight of the evidence.

3. The defendant was denied due process of law.

4. The defendant was denied equal protection of the laws.

5. The State failed to prove every material allegation of the offenses beyond a reasonable doubt.

6. The defendant did not receive a fair and impartial trial as guaranteed him under Article I, 2, 6, 8 and 10 of the Constitution of the State of Illinois and under the Fourteenth Amendment of the Constitution of the United States.

1

7. The Court erred in overruling the defendant's motion for a directed verdict at the close of the State's case.

8. The Assistant State's Attorney made prejudicial & inflammatory and erroneous statements in closing argument designed to arouse the prejudices and passions of the judge thereby prejudicing the defendant's right to a fair trial.

9. The verdict is based upon evidentiary facts which do not exclude every reasonable hypothesis consistent with the innocence of the defendant.

10. The court erred in overruling certain objections made by the defendant and in sustaining various objections raised by the State.

Wherefore, for the various reasons urged before and during the trial and every error as may appear from the official transcript of proceedings of the trial, defendant requests a New Trial in the above-captioned cause.

*11. The Court erred in denying defendants pre-trial motions*

_____

JOHN R. DE LEON
53 West Jackson Blvd.
Suite 1430
Chicago, IL 60604
(312) 347-0024

9. The People have no knowledge at this time that any of its potential witnesses have any criminal convictions.

10. The People intend to use certified copies of all convictions of the defendant, if any exist, for purposes of impeachment during the trial of this cause. The record of these convictions is available for inspection.

11. The People may or may not rely on the following prior acts or convictions of the defendant of a similar nature for proof of knowledge, intent, motive, scheme, or design: See tendered B of I and investigation continues

12. The dates, times, places, circumstances, results, and persons present at any identification confrontations involved in this cause are contained in the police reports tendered to the defense in open court.

Any photographs available to the People which were used in connection with any photographic identification will be made available for inspection.

Any lineup photographs available to the People will be made available for inspection.

13. No electronic surveillance was employed in connection with this cause.

14. Any evidence which was acquired by the execution of any legal process, whether a search warrant, arrest warrant or other process or court order, is listed in 6 (a) and in the police reports and other documents tendered to the defense in open court, if such process was used.

A copy of any legal process executed in connection with this cause will be available for inspection and copy if a copy is not in the court file.

15. No informant that the People intend to call as a witness in the trial of this cause exists.

16. The People are unaware of any evidence or witnesses which may be favorable to the defense in this cause.

17. The People will comply with lawful orders of Court in this cause.

RICHARD M. DALEY, 10295
State's Attorney of Cook County


By:


Catherine Quattrocchi
Assistant State's Attorney



CONSENT TO INTAKE
EVALUATION AND EXAMINATION

I, the undersigned, do hereby request, authorize, and consent to the above
and foregoing medical evaluation administered by the medical personnel of
Cermak Health Services, in order to help, aid or assist the Medical Staff
to evaluate my general physical condition, to determine the causes of my
complaints and/or symptoms, to screen for any contagious disease which I
may have  (TB, VD, Hepatitis ), and to assess my needs for special hous-
ing, diet, treatment, or medication, and to provide such treatment as may
be required.


Patient: _Rebecca D-Mog_____   Date: 11/4/87   Time: _____A_

(Staple to Bruise Sheet)

F-886

**CERMAK HEALTH SERVICES**
2800 S. California Ave.  Chicago, Illinois 60608

# History & Physical Examination

| Last Name | First Name | Date | Location | I.D. Number |
|---|---|---|---|---|
| MAYS | Tiberius | NOV 04 1987 | 62Q | 8742447 |

**Address:** 811 West Monroe   Chicago, Ill. 60607

| Birth Date | Age | Social Security No. | Sex | Race | Parent's Names |
|---|---|---|---|---|---|
| 12-12-60 | 26 | 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 | M | Black | |

## Medical History and Review of Systems

| | | Yes | No | Remarks |
|---|---|---|---|---|
| 1. | Head injury | | ✓ | |
| 2. | Eye problems | ✓ | | 2. Glasses |
| 3. | Ear, nose or throat trouble | | ✓ | |
| 4. | Sinusitis | | ✓ | |
| 5. | Mental problems (Institutional care) | | ✓ | 6. unk |
| 6. | Asthma | ✓ | | |
| 7. | Chest pain or pressure sensation | | ✓ | |
| 8. | Tuberculosis | | ✓ | |
| 9. | Heart trouble | | ✓ | |
| 10. | High or low blood pressure | | ✓ | |
| 11. | Hepatitis | | ✓ | |
| 12. | Hernia or rupture | | ✓ | |
| 13. | Operations | | ✓ | |
| 14. | Skin disease | | ✓ | |
| 15. | Broken bones | | ✓ | |
| 16. | Venereal disease | | ✓ | |
| 17. | Allergy to drugs, food etc. | | ✓ | |
| 18. | Diabetes Mellitus | | ✓ | NDA |
| 19. | Seizure Disorders or Fits | | ✓ | |

### Females Only

| | | Yes | No |
|---|---|---|---|
| 20. | Treated for female disorder | | |
| 21. | Change in menstrual pattern | | |
| 22. | Pregnancies | | |

## Habits

Alcohol ___   Tobacco ___   Drugs ___

Methadone Maintenance ___ 0

## Family History

Hypertension ___   Heart Disease ___   Diabetes M. ___

Renal Dis. ___   Tuberculosis ___   Other ___

**Chief Complaint**

## History of the Present Illness

Physical Examination

Height __6__    Temp. __96.5__    Resp. __18__

Weight __178__    Pulse __80__    Blood Pressure __130/78__

**Key**
N = Normal Findings    + = Positive Findings
ND = Not Done    − = Negative Findings

| Appearance | Skin | Head | Eyes | |
|---|---|---|---|---|
| Medium | Icterus | Laceration | Conjuctivae | Pupils |
| Obese | Turgor | Hematoma | Red | Unequal |
| Thin | Lesions | Bleeding | Pale | Non-reactive |
| Ambulatory/ | | Other Lesions | Sclerae | Other Lesions |
| Bedridden | | | Icteric | |

| Ears | Nose | Throat | Neck |
|---|---|---|---|
| Discharges | Deviated | Congested | Stiff |
| Other Lesions | Bleeding | Tonsils | Throid Enlargement |
| | Other Lesions | Other Lesions | Lymphadenopathies |
| | | | Mass |

| Chest | Heart | Abdomen | Extremeties |
|---|---|---|---|
| Breasts | PMI | Tender | Edema |
| Discharge | Murmur | Hard | Varicosities |
| Mass | | Bowel Sounds | Range of Motion |
| Other Lesions | Lungs | Enlarged Liver | |
| | Rales | Spleen | |

Pelvis
External

_____

_____

_____

_____

_____

Internal

Vagina
Cervix
Uterus
Adnexae
Lesions/
Discharges

**Lab Data**
VDRL
PPD
PAP Smear
Other

**Injuries and Identification Marks on Admission**

Mark with a numbered arrow
location of the following

1. Bruise
2. Cut
3. Swelling
4. Sore
5. Amputation
6. Bandage
7. Cast
8. Scar
9. Tattoo
10. Birthmark

Imprint Plate

Patient's Signature

Examiner's Signature:    Date: 11-4-87

```
************************************************************************
```

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF COOK    )

The November, 1987 Grand Jury of the

Circuit Court of Cook County.

The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about NOVEMBER 4, 1987 at and within the County of Cook

TIBERIUS MAYS

committed the offense of    ATTEMPT FIRST DEGREE MURDER

in that    HE, WITHOUT LAWFUL JUSTIFICATION WITH INTENT TO COMMIT

THE OFFENSE OF FIRST DEGREE MURDER, INTENTIONALLY AND

KNOWINGLY ATTEMPTED TO KILL JOHN SARNECKI BY

BEATING HIM WITH A PIPE,

IN VIOLATION OF CHAPTER 38, SECTION 8-4/(38-9-1)

OF THE ILLINOIS REVISED STATUTES 1985, AS AMENDED, AND

contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois.

Charge ID Code: 1547

*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*※*

The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths aforesaid present that on or about NOVEMBER 4, 1987 at and within the County of Cook

TIBERIUS MAYS

committed the offense of      ARMED ROBBERY

in that      HE, BY USE OF FORCE AND BY THREATENING THE IMMINENT

USE OF FORCE WHILE ARMED WITH A DANGEROUS WEAPON,

TOOK A WALLET

FROM PERSON AND PRESENCE OF JOHN SARNECKI,

IN VIOLATION OF CHAPTER 38, SECTION 18-2-A OF THE

ILLINOIS REVISED STATUTES 1985 AS AMENDED, AND

contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois.

Charge ID Code: 2150

42-2         5 Nov. 1987

(ourt Branch)         **(Court Date)**

NY

(1-82) CCMC1-216

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ople of the State of Illinois
     Plaintiff

**COMPLAINT FOR PRELIMINARY EXAMINATION**

     v.

NO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

rius D. MAYS . . . . . . . .
     **Defendant**

01 - 01

A. Jaglowski. #15153 . . . . Area 5 Violent Crimes . . . . . . . . . . . . . . . . . . . . . . **complainant,** now appears before
        (Complainant's Name Printed or Typed)

rcuit Court of Cook County and states that

rius D. MAYS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **has,** on or about
        **(defendant)**

v. 1987         at     5751 W. Corcoran Place, Chicago, Cook County, Ill.
    **(date)**                                  **(place of offense)**

itted the offense of . . . . . . . . . . . . . . . . . . . . . . **ATTEMPTED MURDER** . . . . . . . . . . . . . . . . . . . . . . . **in that he**

the intent to kill John Sarnecki, took a substantial step towards the commission of

crime of murder by attempting to kill John Sarnecki by striking John Sarnecki about

he head with a piece of pipe.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

ation of Chapter . . . . . . . . . .       38       . . . . . . . . . . Section . . . 8-4(a)

OIS REVISED STATUTES

                         *(Complainant's Signature)*

        5555 W. Grand Ave.     744-8364
E OF ILLINOIS            **(Complainant's Address)**          **(Telephone No.)**
           ss.     Det. A. Jaglowski    #15153
TY OF COOK         . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                      **(Complainant's Name Printed or Typed)**

first duly sworn, on . . . . . . . . . . . . . . .   his   . . . . . . . . . . oath, deposes and says that he has read the foregoing
aint by him subscribed and that the same is true.

        this 4th day of November          **(Complainant's Signature)**

ribed and sworn to before me . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ,19. . . . 87

        Morgan M. Finley by . . . . . . . . . . . . . . . . . . ≥73
                         **(Judge or Clerk)**

examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that
s probable cause for filing same. Leave is given to file said complaint.

ons issued,     Judge . . . . . . . . . . . . . . . . . . . . . . . . . .
   or
nt Issued,     Bail set at . . . . . . . . . . . . . . . . . . . . . . .    **NOV 1 1987**
   or
t at . . . . . . . . . .    Judge . . . . . . . . . . . . . . . . . . . . . . . .    MORGAN M. FINLEY
                                                **Judge's No.**

## MORGAN M. FINLEY, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

2-2                    5 Nov. 1987
urt Branch)             (Court Date)

y                                                                    (1-82) CCMC1-216

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ple of the State of Illinois              COMPLAINT FOR PRELIMINARY EXAMINATION
           Plaintiff

           v.                             NO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

ius MAYS                                                    01 - 00
           Defendant

A. Jaglowski  #15153  Area 5 Violent Crimes . . . . . . . . . . complainant, now appears before
             (Complainant's Name Printed or Typed)

cuit Court of Cook County and states that

ius MAYS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . has, on or about
                                        (defendant)

. 1987 . . . . . . . . . . . . . . . . at 5751 W. Corcoran Place, Chicago, Cook County, Il, . . . . . . . .
        (date)                                          (place of offense)

ted the offense of . . . . . . . . . . . . . . . . . . ARMED ROBBERY . . . . . . . . . . . . . . . . . . . in that he

e armed with a dangerous weapon, to wit: an approximate 16 inch piece of pipe, took a

t containing miscellaneous identification & credit cards from the person of John

ecki, by the use of force.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

tion of Chapter . . . . . . . . . . . . . . . . 38 . . . . . . . . . . . . . . . . Section . . 18-2 (a) . . .

OIS REVISED STATUTES

                                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                (Complainant's Signature)

                                        5555 W. Grand Ave. . . . . . . 744-8364 . . .
E OF ILLINOIS ⎫                         (Complainant's Address)          (Telephone No.)
            ⎬ ss.
TY OF COOK ⎭                            Det. A. Jaglowski  #15153 . . . . . . . . . . . .
                                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                             (Complainant's Name Printed or Typed)

                     his
irst duly sworn, on . . . . . . . . . . . . . . . . . . . . oath, deposes and says that he has read the foregoing
aint by him subscribed and that the same is true.

                                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                (Complainant's Signature)

ibed and sworn to before me this 4th day of November . . . . . . . . . . . . . . . . . . . . . . . , 1987.

                          Morgan M. Finley by . . . . . . . . . . . . . . . . . . . . . . .
                                                   (Judge or Clerk)

examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that
s probable cause for filing same. Leave is given to file said complaint.          NOV  1987

ons issued,        Judge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   or
t Issued,          Bail set at . . . . . . . . . . . . . . . . . . . . . . . . . . . . MORGAN M FINLEY . . .
   or
t at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Judge
                                                                      Judge's No.

MORGAN M. FINLEY, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

RE: INVESTIGATION:   (The beating of John Sarnecki)


S T A T E M E N T

OF

TIBERIUS MAYS,

taken in an interview room, 2nd floor, Area 5 Headquarters,

5555 West Grand Avenue, Chicago, Cook County, Illinois,

on Wednesday, November 4, 1987, at the hour of 12:15 p.m.

PRESENT:   Ms. Evelyn B. Clay,
           Assistant State's Attorney.

           Det. Al Jaglowski, #15153
           Area 5 Violent Crimes.

Reported By:  J. Szybist

Book No. 8711-1

----------------

    MS. CLAY:  Let the record reflect that we are in

an interview room at Area 5 Violent Crimes.  Today's

date is November 4, 1987.  The time is 12:15 p.m.  Present

in the room with me, Assistant State's Attorney Evelyn B.

Clay, are Detective Jaglowski, Star No. 15153;

the court reporter and Tiberius Mays.

    We are here to take the statement of Tiberius Mays

concerning the investigation of the beating of John Sarnecki

which occurred on November 4, 1987, at approximately

2 a.m. at 5751 West Corcoran.

BY MS. CLAY:

    Q   Mr. Mays, I talked to you earlier and explained that

-1-

I am an assistant state's attorney, a laywer working with the police and not your lawyer, is that correct?

A    Correct.

Q    Okay.  And before we spoke, I advised you of your constitutional rights, isn't that correct?

A    Yes.

Q    I am going to give them to you all over again now.

Do you understand that you have a right to remain silent?

A    Yes.

Q    Do you understand that anything you say can be used against you in a court of law?

A    Yes.

Q    Do you understand you have the right to talk to a lawyer and have him present with you while you are being questioned?

A    Yes.

Q    Do you understand if you cannot afford to hire a lawyer, one will be appointed by the court to represent you before any questioning if you wish one?

A    Yes.

Q    Now, understanding these rights, do you wish to talk to us now?

A    Yes.

Q    Now, I talked to you earlier today, isn't that correct?

A    Yes.



A    Two.

Q    All right.  And at that time did you tell them -- did they question you about the beating?

A    They came in and they said basically -- they came in and they asked me if I was Ti or Tiberius and then they --

Q    All right.

A    -- and then they said we know you did this and that and --

Q    Did you relate to them what happened?

A    And I denied and they hit me a couple of times, you know.  They said they were going to do this and they were going to do that and then --

Q    Did --

A    -- one of the officers went in the bathroom and got the wallet out and asked me where is the information at.

Q    All right.  Was that wallet that he presented to you the same one that you removed off the body of the man that you had beaten with the pipe?

A    Yes, I assume it was.

Q    It was the same wallet that you flushed in that apartment?

A    Right.

Q    That's the same wallet that you flushed down the toilet.  Okay.  Did you show the officers where you had hidden the credit cards?

-12-

Q    And you have been allowed to use the phone, isn't that correct?

A    Yes.

Q    And have I made any promises to you?

A    No.

Q    Have I threatened you in any way?

A    No.

Q    And what you have just stated to me is true --

A    Yes.

Q    -- is that correct, Mr. Mays?

A    Yes, it is.

MS. CLAY:  That's the end of the --  it is now 12:39, and this is the end of the statement.

-----------------------------

T. M. X _Lilianus D. Mays_

WITNESSES TO SIGNATURE:

_Evelyn B. Clay, A.S.A._

_J. W. McLaughlin Jr #143_