IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel<br>TIBERIUS D. MAYS, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| vs. | )<br>) | No. 02 C 5167 |
| BLAIR LEIBACH, | )<br>)<br>) | Hon. Wayne R. Andersen, |
| Respondent. | ) | District Judge. |

## NOTICE OF FILING

TO:   Tiberius Mays
      Danville Correctional Center
      3820 East Main Street
      Danville, IL 61834-4001

PLEASE BE ADVISED that on January 6, 2003, I caused the attached ANSWER to be filed with the clerk of the United States District Court for the Northern District of Illinois.

                              JAMES E. RYAN
                              Attorney General
                              State of Illinois

BY:   _____
      MARK L. JOSEPHSON
      Assistant Attorney General
      100 West Randolph Street, 12th Floor
      Chicago, Illinois 60601
      (312) 814-2391

## CERTIFICATE OF SERVICE

I certify under oath that the attached ANSWER was served upon the following on January 6, 2003, by depositing a copy of each in the United States mail at 100 W. Randolph Street, Chicago, Illinois, in an envelope bearing sufficient postage:

>Tiberius Mays, N92625
>Danville Correctional Center
>3820 East Main Street
>Danville, IL 61834-4001

SUBSCRIBED and SWORN
before me this 6th day of January, 2003

NOTARY PUBLIC

OFFICIAL SEAL
IRENE B. STEWART
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1-23-2006

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel TIBERIUS D. MAYS, ) ) ) | |
| Petitioner, ) ) | |
| vs. ) ) | No. 02 C 5167 |
| BLAIR LEIBACH, ) ) ) | Hon. Wayne R. Andersen, |
| Respondent. ) | District Judge. |

### ANSWER

Respondent Blair Leibach, Warden, Danville Correctional Center, through his attorney, James E. Ryan, Attorney General, State of Illinois, answers the above-captioned petition for writ of habeas corpus as follows:

1. Petitioner Tiberius Mays, prisoner N92625, is in the custody of Respondent Blair J. Leibach, Warden of Danville Correctional Center.

2. On May 25, 1989, Petitioner was found guilty by the trial court of attempted murder, armed robbery and three counts of aggravated battery. Exh. A, Certified Statement of Conviction; Exh. B, People v. Mays, No. 87-CR-15982, at 4 (Ill. Cir. Ct. Cook Cty March 4, 1998). The court sentenced him to a 50-year extended-term sentence on the murder conviction, and to a 15-year consecutive sentence on the armed robbery conviction. See Exh. C, People v. Mays, 230 Ill.App.3d 748, 750, 595 N.E.2d 1088, 1090 (1992).

3. Petitioner appealed the conviction, which was affirmed by the Illinois Appellate Court on April 3, 1992. Id.



4. On direct appeal, the Petitioner raised the following arguments:

1) There was a failure of due process when the Assistant State's Attorney taking Tiberius Mays' post-arrest statement turned a deaf ear when Mays revealed that the arresting officers beat and threatened him to make him talk.

2) Since the evidence proves only armed robbery, defendant's additional conviction for attempt murder must be reversed.

3) This mugging's surrounding circumstances show that the blows to the victim's head do not permit an inference of intent to kill, and thus the attempt first degree murder conviction must be reduced to aggravated battery.

4) The State's improper impeachment of defendant requires reversal and remand.

5) The consecutive sentences imposed must be modified to run concurrently.

6) As the criminal conduct here was not exceptionally brutal or heinous behavior indicative of wanton cruelty, an extended term sentence imposed on that basis must be reduced to within the usual felony sentencing range.

7) The trial court erred at sentencing by considering evidence of defendant's substance abuse to be aggravating when it must be considered mitigating.

8) Whether the sentencing court abused its discretion by weighing only the seriousness of the offense and not giving adequate consideration to Tiberius Mays' rehabilitative potential.

See Exh. D, Opening Brief, People v. Mays, No. 1-90-243 (Ill. App. Ct. 1991)

5. Petitioner filed a Petition for Leave to Appeal (PLA) to the Illinois Supreme Court which was denied on October 7, 1992. See Exh. E, Petition for Leave to Appeal, People v. Mays, No. 74195 (Ill. Aug 20, 1992); Exh. F, People v. Mays, 146 Ill.2d 643, 602 N.E.2d 467 (1992). In his PLA, Petitioner argued:

1) The appellate court misapprehends the impact of this Court's decisions in Andrews and Lucas, which were meant to clarify the meaning of "exceptionally brutal or heinous and indicative of wanton cruelty," and to supercede the many conflicting assessments which have confused Illinois Courts.

2) The appellate court erred in permitting the assistant state's attorney taking Tiberius Mays' post-arrest statement to deny him due process by turning a deaf ear when Mays revealed to her that the arresting officers beat and threatened him to force him to talk.

3) The appellate court erroneously overlooked the necessity of initially determining on review that there were two criminal acts, before deferentially determining that the convictions for attempted murder and armed robbery should both be upheld. This conflicts with other appellate divisions.

See Exh. E.

6. On March 26, 1993, Mays filed a petition for post-conviction relief. See Exh. G. In that petition, Petitioner argued that:

1) he was denied due process and a fair trial when he was improperly impeached at his suppression hearing,

2) he was denied due process and a fair trial because of judicial bias,

3) he was denied the right to effective assistance of trial and appellate counsel,

4) he was denied due process when the State did not comply with Illinois' material witness rule,

5) he was denied due process by being convicted of both attempt murder and aggravated battery, a lesser included offense of attempt murder,

6) he was denied due process and his right to counsel during the custodial interrogation by police which led to his confession,

7) he was denied due process when the arresting detective falsified important information to the grand jury,

8) he was denied due process of law by the coercive actions of the police.

See Exh. G, at 2.

7.  The court appointed counsel for the petitioner, and on February 18, 1997, counsel filed a supplemental petition for post-conviction relief. See Exh. H. In that petition, Petitioner argued one new issue:

> Petitioner's convictions for Aggravated Battery should be vacated regardless of the fact that no sentence was imposed because Aggravated Battery is a lesser included offense of Attempt Murder and the offense arose out of the same course of conduct.

The supplemental petition also restated two other issues raised in the pro se petition.

8.  The circuit court denied the petition on March 4, 1998. See. Exh B. Petitioner then appealed, but his counsel filed a petition to withdraw under Pennsylvania v. Finley, 481 U.S. 551 (1987). Petitioner filed a response to the Finley motion, and argued the merit of all of the points he had raised in his pro se petition. See Exh. U. On October 12, 1999, the appellate court allowed counsel to withdraw and affirmed the judgment of the circuit court. See Exh. I.

9.  Petitioner filed a PLA to the Illinois Supreme Court on March 31, 2000. See Exh. J. In that Petition, he argued:

> 1) ineffective assistance of trial and appellate counsel because they failed to object to violation of the "material witness" rule,
>
> 2) ineffective assistance of trial and appellate counsel because they failed to object to his improper impeachment,
>
> 3) ineffective assistance of trial and appellate counsel because they failed to object to his three aggravated battery convictions.
>
> 4) judicial bias, and ineffective assistance of trial and appellate counsel in failing to object to judicial bias.

Exh J, at 3.

10.  The Illinois Supreme Court denied leave to appeal on June 22, 2000. See Exh K.

4

11. On October 30, 2000, Petitioner filed a second petition for post-conviction relief. See Exh. L. In that petition, Petitioner raised a single claim arguing that his sentence was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).

12. On January 29, 2001, the Circuit Court dismissed the petition, finding Apprendi non-retroactive. See Exh M. Petitioner appealed the retroactivity of Apprendi. See Exh. N.

13. The Illinois Appellate Court affirmed. App. O. Petitioner then filed a PLA to the Supreme Court, See Exh. P, which was denied on May 30, 2002. See Exh. Q.

14. Petitioner filed the instant habeas corpus petition on July 16, 2002, raising eight issues:

> 1) His due process rights were violated when, during his statement to police, the Assistant State's Attorney who took the statement deliberately ignored his allegation of police brutality.
>
> 2) His conduct was not exceptionally brutal or heinous behavior indicative of wanton cruelty as defined in Andrews and Lucas.
>
> 3) The Appellate Court failed to properly apply Illinois' "one act, one crime" rule.
>
> 4) Trial and appellate counsel were ineffective because they did not object to the violation of Illinois' "material witness" rule.
>
> 5) Trial and appellate counsel were ineffective because they did not object to improper impeachment of Petitioner.
>
> 6) Trial and appellate counsel were ineffective because they did not object to Petitioner's three aggravated battery convictions, which are lesser included offenses of attempt murder.
>
> 7) Petitioner was denied a fair trial because of judicial bias, and both trial and appellate counsel were ineffective for failing to object to judicial bias.
>
> 8) Petitioner's sentence was unconstitutional under Apprendi.

15. Under Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the following state court materials are filed under separate cover:

Exhibit A: Certified Statement of Conviction, People v. Mays, No. 87-CR-15982 (Ill. Cir. Ct. Cook Cty Sep. 27, 2002)

Exhibit B: The decision of the Illinois Circuit Court denying Petitioner's first post-conviction petition. People v. Mays, No. 87-CR-15982 (Ill. Cir. Ct. Cook Cty Mar. 4, 1998)

Exhibit C: The decision of the Illinois Appellate Court affirming Petitioner's convictions on direct appeal. People v. Mays, 230 Ill.App.3d 748, 595 N.E.2d 1088 (1st Dist. 1992)

Exhibit D: Petitioner's opening brief on direct appeal

Exhibit E: Petition for Leave to Appeal, People v. Mays, No. 74195 (Ill. Aug. 20, 1992).

Exhibit F: The decision of the Illinois Supreme Court denying leave to appeal, People v. Mays, 146 Ill.2d 643, 602 N.E.2d 467 (1992) (table).

Exhibit G: Petitioner's First Post-Conviction Petition, People v. Mays, No. 87-CR-15982 (Ill. Cir. Ct. Cook Cty. Apr. 4, 1993).

Exhibit H: Supplemental Petition for Post-Conviction Relief, People v. Mays, No. 87-CR-15982 (Ill. Cir. Ct. Cook Cty. Feb. 18, 1997).

Exhibit I: The decision of the Illinois Appellate Court affirming the denial of post-conviction relief. People v. Mays, No. 1-98-0897 (Ill. App. Ct. Oct. 12, 1999).

Exhibit J: Petition for Leave to Appeal, People v. Mays, No. 89257 (Ill. Mar. 31, 2000).

Exhibit K: The decision of the Illinois Supreme Court denying leave to appeal. People v. Mays, No. 89257 (Ill. June 22, 2000).

Exhibit L: Petitioner's Second Petition for Post-Conviction Relief, People v. Mays, No. 87-CR-15982 (Ill. Cir. Ct. Cook Cty Oct. 30, 2000).

| | |
|---|---|
| Exhibit M: | The decision of the Illinois Circuit Court denying Petitioner's second petition for post-conviction relief. People v. Mays, No. 87-CR-19852 (Ill. Cir. Ct. Cook Cty Jan. 29, 2001). |
| Exhibit N: | Petitioner's Brief on appeal from the denial of his second post-conviction petition. People v. Mays, No. 1-01-1067 (Ill. App. Ct. Oct. 19, 2001) |
| Exhibit O: | The decision of the Illinois Appellate Court affirming the denial of Petitioner's second post-conviction petition. People v. Mays, No. 1-01-1067 (Ill. App. Ct. Feb. 1, 2002). |
| Exhibit P: | Petition for Leave to Appeal, People v. Mays, No 93318 (Ill. 2002) |
| Exhibit Q: | The decision of the Illinois Supreme Court denying leave to appeal. People v. Mays, No. 93318 (Ill. May 30, 2002). |
| Exhibit R: | Statement of Tiberius Mays, Nov. 4, 1987. |
| Exhibit S: | Partial Transcript of Hearing on Motion to Suppress, at 84-86, People v. Mays, No. 87-CR-15982 (Ill. Cir. Ct. Cook Cty May 17, 1989). |
| Exhibit T: | Partial Transcript of Sentencing Hearing, at 182-184, People v. Mays, No. 87-CR-15982 (Ill. Cir. Ct. Cook Cty June 2, 1989). |
| Exhibit U: | Motion to Grant Petitioner's Claims in Response to Counsel's motion to Withdraw on Appeal Pursuant [to] Pennsylvania v. Finley, People v. Mays, No. 98-0897 (Ill.App.Ct. July 14, 1999). |

## ARGUMENT

Petitioner voluntarily confessed to savagely beating without provocation City of Chicago employee John Sarnicki with a lead pipe until he lay unconscious on the street, his skull crushed. Petitioner was convicted after a fair trial and received two full rounds of post-conviction proceedings after his direct appeals failed. No basis exists to grant Petitioner habeas relief.

## I. Exhaustion/Procedural Default

Petitioner has exhausted his claims. All of his claims were presented to the Illinois Supreme Court.

## II. Non-Cognizable State Law Claims

Section 2254 restricts habeas petitions to claims that the Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A District Court therefore has no jurisdiction to review a State court decision for errors in State law. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991). Petitioner's second claim alleges that his sentence was imposed in violation of People v. Lucas, 132 Ill.2d 399, 548 N.E.2d 1003 (1989), and People v. Andrews, 132 Ill.2d 451, 548 N.E.2d 1025 (1989). These cases define, for purposes of Illinois law, "brutal and heinous" conduct that can support an extended term sentence or a death sentence. Because an argument that Lucas and Andrews were incorrectly applied alleges only an error in State law, it is not cognizable in this proceeding.

Further, to the extent that Petitioner's third claim alleges a violation of Illinois' "one act, one crime" rule, that claim too alleges a noncognizable violation of state law. See People v. King, 66 Ill.2d 551, 363 N.E.2d 838 (1977).

## III. Merits

### A. Standard of Review

In a habeas corpus proceeding, State court factual findings are presumed correct unless the Petitioner rebuts them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Furthermore, a court may not grant the writ unless the State court decisions were either "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

8

of the United States;" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2). The standard is "highly deferential" to state courts, which must "be given the benefit of the doubt." Woodford v. Viscotti, — U.S. —, 123 S.Ct. 357, 359 (2002).

A state court decision is not "contrary to" Supreme Court precedent unless it either follows the wrong rule of law or arrives at a result different than the Supreme Court has on indistinguishable facts. See Williams v. Taylor, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-1520 (2000). And a State court decision is not "unreasonable" just because it is incorrect, it must be "objectively unreasonable," Viscotti, 123 S.Ct. at 360, or in other words it must lie "well outside the boundaries of permissible differences of opinion." Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002).

**B) First Claim: Due Process Violation**

Plaintiff first complains that the Assistant State's Attorney who took his post-arrest statement violated his right to due process of law when she did not follow up on Petitioner's allegation during the statement that the police "hit" him "a couple of times." Exh. R, at 12. The relevant part of the transcript of Petitioner's statement relates the following exchange, which occurs after Petitioner had described how he had beaten his victim, and deals with events that happened after the police arrived in the abandoned apartment where they found Petitioner:

> Q: About how many officers appeared?
> A: Two.
> Q: All right. And at that time did you tell them – did they question you about the beating?
> A: They came in and they said basically – they came in and they asked me if I was Ti or Tiberius and then they –
> Q: All right.
> A: – and then they said we know you did this and that and –
> Q: Did you relate to them what happened?

9

> A: And I denied and they hit me a couple of times, you know. They said they were going to do this and they were going to do that and then –
> Q: Did –
> A: – one of the officers went in the bathroom and got the wallet out and asked me where is the information at.
> Q: All right. Was that wallet that he presented to you the same one that you removed off the body of the man that you had beaten with the pipe?
> A: Yes, I assume it was.

Exh. R at 11-12.

The Illinois Appellate Court rejected Petitioner's argument on direct appeal as part of its review on the voluntariness of plaintiff's confession. People v. Mays, 230 Ill.App.3d 748, 755-56, 595 N.E.2d 1088, 1093 (1992). In that review, the court correctly identified that the correct standard for voluntariness was whether the statement was voluntary under the totality of the circumstances. Id. As part of its analysis, the court concluded that Petitioner's allegations of brutality were not credible. The court based this on the fact that Petitioner did not present any evidence of injury, that each of the three police officers who testified at the suppression hearing denied any involvement in or awareness of any abuse of the Petitioner, and that the trial judge had found petitioner's testimony incredible. Id. In rejecting Petitioner's due process claim, the court noted that Petitioner made only one isolated reference to any brutality, but did not appear to be injured or in discomfort while giving the statement. Further, Petitioner later in his statement indicated that the police had treated him fairly. Id.; see also Exh. R at 15.

Petitioner cannot credibly maintain that the court's analysis was contrary to or an unreasonable application of Supreme Court precedent. The analysis identified the correct rule of law, and the state court facts must be presumed correct. To find otherwise would require this Court

to reverse the credibility determinations made by the trial judge, which may not be done in the absence of clear and convincing evidence. See 28 U.S.C. §2254(e)(1). Petitioner received a fair hearing on his claim of brutality prior to his trial, and the state court result was reasonable. Therefore, this claim must be denied.

**C. Third Claim: Double Jeopardy**

To the extent that the court considers Petitioner's argument one under the Double Jeopardy clause, Petitioner's third claim, in essence, argues that his armed robbery and attempted murder convictions violate the "multiple punishments" prohibition under the Double Jeopardy Clause. The Supreme Court has held that cumulative punishments in a single trial are allowed even for two offenses that are the same, for double jeopardy purposes, if the legislature intended for cumulative punishments. See Missouri v. Hunter, 459 U.S. 359, 368-69, 103 S.Ct. 673, 679 (1983). In reviewing Petitioner's challenge to his sentence on direct appeal, the court quoted the statutory section that allowed for consecutive sentencing in this case, and determined that Petitioner's armed robbery conviction met the standards imposed by that section. See Mays, 595 N.E.2d at 1095 (quoting Ill.Rev.Stat. 1987 ch. 38, ¶ 1005-8-4(a), now codified as amended at 730 ILCS 5/5-8-4(a)). That is the exact inquiry that the Supreme Court required in Hunter, and the Court's resolution means that no Double Jeopardy violation exists. Because the State court's resolution is reasonable, Petitioner's third claim must be denied.

Also, on handwritten page 14 of his Petition, at the end of the discussion of ground seven, Petitioner states that "the trial judge abused his discretion by convicting me of three aggravated batteries, lesser included offenses of attempt murder." This fails to raise a constitutional issue, because the Double Jeopardy clause only protects against conviction for both greater and lesser

11

included offenses when they are charged in separate proceedings. Ohio v. Johnson, 467 U.S. 493, 500-501, 104 S.Ct. 2536, 2540-41 (1984). Further, because Petitioner received no punishment for the aggravated battery convictions, no multiple punishment issue exists. The absence of a constitutional issue means that no habeas relief can be granted on this ground. § 2254(a).

**D. Fourth, Fifth and Sixth and Seventh Claims: Ineffective Assistance of Counsel**

Petitioner argues that his trial and appellate counsel were ineffective for a variety of reasons. He alleges that trial counsel was ineffective for:

1) failing to call a "material witness" at the suppression hearing

2) failing to object to improper impeachment at the suppression hearing

3) failing to object to the aggravated battery convictions

4) failing to object to judicial bias

He alleges that appellate counsel was ineffective for failing to raise these issues on appeal. As indicated in Section I above, the ineffective assistance of trial counsel argument is procedurally defaulted. But on the merits, no ineffective assistance claim against either counsel is valid because the Illinois courts' resolution of petitioner's ineffective assistance claims was reasonable.

The Illinois court correctly identified the relevant standard, which is of course found in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under Strickland, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness and that in the absence of the unreasonable performance, there is a reasonable probability that the result of the proceeding would have been different. Id. at 687. The Illinois court evaluated each of the alleged ineffective acts petitioner alleged in his post-conviction petition, determining in each case that the

claims failed to meet one of the two prongs of the Strickland test. Exh. B at 11-20. The Illinois courts therefore reasonably applied Supreme Court precedent in denying the claims.

But the Illinois court's resolution of the ineffective assistance of counsel claims was not only reasonable, it was also correct. None of the four alleged errors shows a violation of professional standards. First, Petitioner claims that counsel should have called Assistant State's Attorney Eva Clay at his suppression hearing, as her absence was a violation of Illinois' now-discarded "material witness rule." Under that rule, when a defendant attacked his confession as involuntary, the State was required to produce all material witnesses to the allegedly involuntary confession. See People v. R.D., 155 Ill.2d 122, 125, 613 N.E.2d 706, 708 (1993). But even though Clay was the person who took Petitioner's recorded statement, she was not a material witness. Petitioner claims that he had two conversations with Clay, including his recorded statement. The state did produce Detective Allen Jaglowski, who was present during both of Petitioner's conversations with Clay. See People v. Mays, 230 Ill.App.3d 748, 753, 595 N.E.2d 1088, 1091-92 (1st Dist. 1992). Under nearly identical circumstances, the same court that affirmed Petitioner's direct appeal found that the failure to produce the person who took an allegedly involuntary statement was not a violation of the material witness rule. See People v. Costillo, 240 Ill.App.3d 72, 78-79, 608 N.E.2d 100, 105 (1st Dist 1992). Since there was no violation of this rule, counsel cannot have been ineffective for not challenging Clay's absence.

Second, petitioner claims that counsel failed to object to his impeachment by an uncertified copy of his conviction record, and his impeachment with a probation violation in addition to his two prior convictions for theft and drug possession. But even if these errors were a violation of professional standards, no prejudice resulted from the alleged errors. Even if the convictions were

13

uncertified, the petitioner admitted to them when he testified, and nowhere in his petition does he allege that lack of certification caused him prejudice. Further, no prejudice resulted from the discussion of the probation violation, because in a habeas proceeding, courts presume that improper evidence does not influence a judge conducting a bench trial. See Ashford v. Gilmore, 167 F.3d 1130, 1136 (7th Cir. 1999). While the judge did indicate that the "defendant is impeached by the – by his prior convictions," see Exh S at 85-86, since a probation violation is not a conviction, this is not evidence that the judge considered the probation violation in ruling on his motion to suppress. Since there is no evidence of prejudice, counsel cannot be found ineffective on this point.

Third, Petitioner claims that his counsel should have attacked his aggravated battery convictions, but as part III.C shows above, the aggravated battery convictions do not constitute a constitutional violation, and thus counsel was not ineffective for failing to challenge them.

Fourth, Petitioner claims that his counsel was ineffective for failing to object to alleged judicial bias. But there was no judicial bias to which counsel could have objected. Petitioner points to the judge's strong comments at sentencing as evidence of bias, but analysis of those statements shows that every one of the judge's strong criticisms is directed at what Petitioner did, rather than who petitioner was. See Exh. T. at 182-184. Further, the Illinois courts considered these strong comments in the context of a challenge to Petitioner's sentence, and did not disapprove of them. See Mays, 595 N.E.2d at 1096. Considering the extreme violence of Petitioner's crime, the trial judge's comments are not out of line and a bias claim would have been futile.

Finally, as the post-conviction court noted, "the evidence was not closely balanced." Exh. B at 13. The evidence against Petitioner included his detailed admissions to the police in a recorded statement, an eyewitness identification by a witness who had known the defendant for years, and

physical evidence connecting him with the crime: police found the crime victim's wallet in the apartment where they found Petitioner. In the presence of this evidence, Petitioner cannot prevail on an ineffective assistance claim unless he shows that his counsel committed drastic errors. The petition shows no error of this magnitude.

### E. Apprendi claim

Petitioner's final claim is that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000). The Illinois courts ruled that Apprendi did not apply to Petitioner's sentence because it is not retroactive. See App. O, People v. Mays, No. 1-01-1067, slip op. at 3 (Ill.App.Ct. Feb. 1, 2002). The Supreme Court has never held that Apprendi was retroactive, and the Seventh Circuit has therefore refused to apply Apprendi on collateral review. See Dellinger v. Bowen, 301 F.3d 758, 765 (7th Cir. 2002); Curtis v. United States, 294 F.3d 841, 842 (7th Cir. 2002). Petitioner's claim must therefore fail.

## CONCLUSION

None of Petitioner's claims are meritorious. Therefore, Respondent asks the court to deny the habeas corpus petition on the pleadings. No evidentiary hearing is required.

DATED: January 6, 2002

                        Respectfully submitted,

                        JAMES E. RYAN
                        Attorney General
                        State of Illinois

BY: _____
                        MARK L. JOSEPHSON
                        Assistant Attorney General
                        100 West Randolph Street, 12th Floor
                        Chicago, Illinois 60601
                        (312) 814-2391